UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIE STANDLEY,

                Plaintiff,

v.

THOMAS ATKINSON, et al.,

                Defendants.

CASE NO. C13-5156 BHS

ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT

     This matter comes before the Court on Willie Standley's ("Standley') application to proceed in forma pauperis (Dkt. 1) and proposed complaint (Dkt. 1-1). The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby denies the motion to proceed in forma pauperis and dismisses the complaint.

     Standley filed a 42 U.S.C. § 1983 complaint against Defendants alleging they have violated his constitutional right to due process and have engaged in a conspiracy to violate that right. Dkt. 1-1. He claims that Defendants, allegedly employees of the Department of Social and Health Services Division of Child Support Services ("DCS"), violated his due process rights by unlawfully imputing income to him, an unemployable, incarcerated individual, in violation of RCW 26.19.071(6), causing him to incur past-due

child support. *Id*. at 9. He alleges that to collect the past-due balance, "DCS administratively issued an order to withhold and deliver, presented it to the Wash. DOC and had" his "accounts drained to $0.00 to pay" the child support. *Id*. at 10.

The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the "privilege of pleading *in forma pauperis* . . . in civil actions for damages should be allowed only in exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). Moreover, the court has broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

A federal court may dismiss *sua sponte* pursuant to Fed. R. Civ. P. 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6) . . . . Such a dismissal may be made without notice where the claimant cannot possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307 (1989) (there is little doubt a federal court would have the power to dismiss a frivolous complaint *sua sponte*, even in absence of an express statutory provision). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

Although Standley may meet the indigency requirements, his complaint fails to allege or demonstrate that he has exhausted all administrative remedies available to him. Based on his complaint, the Court does not have jurisdiction over his case.

ORDER - 2

1     Therefore, it is hereby **ORDERED** that Standley's application to proceed in forma

2 pauperis (Dkt. 1) is **DENIED,** and his case is **DISMISSED without prejudice**.

3     Dated this 21st day of March, 2013.

                                                    BENJAMIN H. SETTLE
                                                    United States District Judge